# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ANGEL DIDIER DEAGUEROS MOTA,

Petitioner,

v.

TODD BLANCHE, Attorney General of the United States, in his official capacity, et al.,

Respondents.

Case No.: 3:26-cv-02830-RBM-MSB

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner Angel Didier Deagueros Mota's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons below, the Petition is **DENIED without prejudice**.

## I.    BACKGROUND[1]

**A.    Factual Background**

Petitioner is a citizen of Mexico. It is unclear when Petitioner entered the United States, but he has lived in the United States since early childhood. On October 27, 2004, Petitioner was convicted of kidnapping. On January 19, 2005, an immigration judge ordered Petitioner removed from the United States to Mexico. The next day, Petitioner was physically removed to Mexico.

---

[1] Except where otherwise noted, this section is taken from the Court's order denying Petitioner's previous petition in *Deagueros Mota v. Bondi*, Case No.: 3:26-cv-01254-RBM-MSB, ECF No. 9 (S.D. Cal. Apr. 10, 2026).

1

3:26-cv-02830-RBM-MSB

Subsequently, Petitioner re-entered the United States without being admitted or paroled. On March 31, 2025, Petitioner was arrested on a criminal arrest warrant for a violation of 8 U.S.C. § 1326. On April 3, 2025, the United States District Court for the Central District of California granted Petitioner a bond. As a result, an I-247 detainer was lodged. On April 4, 2025, Petitioner was taken into custody of the Department of Homeland Security ("DHS") and served with a Notice of Intent/Decision to Reinstate Prior Order. DHS reinstated Petitioner's prior removal order under 8 U.S.C. § 1231(a)(5).

Petitioner then expressed a fear of returning to Mexico. DHS found that Petitioner did not have a reasonable fear, and the immigration judge affirmed this finding. On April 29, 2025, Petitioner filed a petition for review to the Ninth Circuit, challenging DHS's reinstatement of his final removal order. The Ninth Circuit issued a stay of removal on April 30, 2025. Despite that stay, DHS mistakenly removed Petitioner to Mexico later that same day. Following further litigation, Petitioner was paroled back into the United States in August 2025 and returned to immigration custody. The petition for review is still pending before the Ninth Circuit. Petitioner has not received a bond hearing since he last entered immigration custody.

On February 26, 2026, Petitioner filed his petition in *Deagueros Mota v. Bondi*, Case No.: 3:26-cv-01254-RBM-MSB. On April 10, 2026, the Court denied that petition without prejudice, finding that although Petitioner's 90-day mandatory removal period under 8 U.S.C. § 1231 had passed, Respondents had sufficiently rebutted Petitioner's argument that there was no significant likelihood of his removal in the reasonably foreseeable future.

On May 4, 2026, Petitioner filed the Petition in this action, arguing that circumstances had materially changed such that the Court should now find in Petitioner's favor. (Doc. 1 ¶¶ 6–8.) Specifically, Petitioner alleges:

> On May 1, 2026, a Superior Court Judge granted Petitioner's motion to vacate his prior criminal conviction, and the prosecution dismissed the charges in their entirety. That conviction formed the basis of the underlying removal order upon which the current reinstatement order rests. Its vacatur materially alters Petitioner's removability and opens viable avenues to challenge the

underlying removal order and pursue lawful status, including adjustment of status. . . . These changed circumstances further confirm that removal is not reasonably foreseeable and render Petitioner's continued detention unlawful.

(*Id.* ¶¶ 6–7.)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioner argues that "[b]ecause removal is not reasonably foreseeable and because the Government has failed to provide constitutionally sufficient process to justify continued confinement, his detention has become excessive and unlawful under the Fifth Amendment" and the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1 ¶¶ 39–58.) Respondents argue that "Petitioner cannot show he faces an indefinite and potentially permanent detention" because his "proceedings are finite" and "will continue only for such time as required for the Ninth Circuit to review the decision to reinstate the 2005 order." (Doc. 6 at 3–4.) The Court finds that, despite the developments in Petitioner's removal case, Petitioner still has not demonstrated there is no significant likelihood of removal in the reasonably foreseeable future.

The Supreme Court has recognized a six-month presumptively reasonable period of detention after a noncitizen's removal order becomes final. *Zadvydas*, 533 U.S. at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there

is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."

## A.    Presumption of Reasonableness

The six-month presumptively reasonable period has passed for Petitioner. Petitioner has been detained since April 2025, well beyond six months. (*See* Doc. 1 ¶ 28.)

## B.    Good Reason to Believe

After the six-month period expires, Petitioner has the initial burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. "Good reason to believe does not place a burden upon the detainee to demonstrate no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite; it is something less than that." *Senor v. Barr*, 401 F. Supp. 3d 420, 430 (W.D.N.Y. 2019) (cleaned up). However, Petitioner must offer more than "conclusory statements suggesting that he will not" be removed. *Andrade v. Gonzalez*, 459 F.3d 538, 543 (5th Cir. 2006); *Quassani v. Killian*, Case No. 2:17-cv-01678-APG-PAL, 2017 WL 3396506, at *2 (D. Nev. Aug. 4, 2017) ("question[ing] whether petitioner can meet his initial burden" given that he "has offered nothing more than conclusory statements with respect to the likelihood of his removal in the foreseeable future"). Here, Petitioner has met his burden to show "good reason to believe." He argues that "[t]he existence of a judicial stay of removal, combined with the vacatur of the conviction underlying the removal order, eliminates any realistic timeline for execution of removal and confirms that continued detention is not reasonably related to its purported purpose." (Doc. 1 ¶ 57.) The burden thus shifts to Respondents to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

## C.    Significant Likelihood of Removal in the Reasonably Foreseeable Future

Respondents argue that Petitioner's detention does "not present the same risk of indefinite and potentially permanent detention" that the Supreme Court found unlawful in *Zadvydas*. (Doc. 6 at 4.) The Court agrees with Respondents. In granting relief under *Zadvydas*, the Ninth Circuit has often "relied on the likely *impossibility* of removal," not

4

mere improbability or uncertainty. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063–64 (9th Cir. 2008) (emphasis added).

> It is true that Prieto-Romero's detention lacks a certain end date, but this uncertainty alone does not render his detention indefinite in the sense the Supreme Court found constitutionally problematic in *Zadvydas*. The Court emphasized that the "basic purpose" of the immigration detention is "assuring the [noncitizen's] presence at removal" and concluded that this purpose was not served by the continued detention of [noncitizens] whose removal was not "reasonably foreseeable." Removal was not reasonably foreseeable in *Zadvydas* because no country would accept the deportees, or the United States lacked an extradition treaty with their receiving countries. Similarly, in *Clark*, [a noncitizen's] removal to Cuba was not reasonably foreseeable when the government conceded "that it is no longer even involved in repatriation negotiations with Cuba." In both cases, the Court recognized that the government's purported interest in detaining [a noncitizen] was severely diminished when there was no significant likelihood that the [noncitizen] *could be* removed.

*Prieto-Romero*, 534 F.3d at 1063–64 (citations omitted) (emphasis in original); *see also Nadarajah v. Gonzales*, 443 F.3d 1069, 1071 (9th Cir. 2006) (no significant likelihood of removal in the reasonably foreseeable future where the petitioner had been granted asylum and protection under the Convention Against Torture and no other country of removal had been identified).

Petitioner, like Prieto Romero, "foreseeably remains *capable* of being removed—even if it has not yet finally been determined that he *should be* removed," and "[t]here is nothing, such as a lack of a repatriation agreement with his home country or a finding that he merits mandatory relief from removal, that would prevent [Petitioner's] removal to Mexico if he is ultimately unsuccessful in his petition for review" with the Ninth Circuit and/or in his newly-available avenues to challenge his underlying removal order. *Id.* at 1065. If that changes after the Ninth Circuit's ruling or the processing of Petitioner's Forms I-485, I-601, and I-212, Petitioner may file an amended Petition.

/ / /

/ / /

5

3:26-cv-02830-RBM-MSB

## IV.   CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **DENIED without prejudice**. If Petitioner files an amended Petition consistent with the terms of the Order above, the amended Petition shall be filed in this case; it **SHALL NOT** be filed as a new habeas petition.

**IT IS SO ORDERED.**

DATE:  May 27, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE