**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ANGEL DIDIER DEAGUEROS MOTA,
Petitioner,

v.

TODD BLANCHE, Attorney General of the United States, in his official capacity, et al.,
Respondents.

Case No.: 3:26-cv-02830-RBM-MSB

**ORDER DENYING WITHOUT PREJUDICE AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 10]**

Petitioner Angel Didier Deagueros Mota ("Petitioner') has filed a First Amended Petition for Writ of Habeas Corpus ("Amended Petition") pursuant to 28 U.S.C. § 2241. (Doc. 10.) The Court previously denied the original petition, finding that Petitioner had not met his burden to show that his removal is not significantly likely in the reasonably foreseeable future. (Doc. 8 at 3–5.) That denial was without prejudice, and the Court authorized Petitioner to file an amended petition if there were developments in his appeal with the Ninth Circuit or in the processing of his Forms I-485, I-601, and I-212. (*Id.* at 5.)

In the Amended Petition, Petitioner represents that he attempted to complete his Forms I-485, I-601, and I-212, but that he "has been unable to complete the final mandatory prerequisite necessary to file his adjustment application" because detention officials have not allowed Petitioner to attend a required medical examination. (Doc. 10 ¶¶ 3, 33.)

Petitioner argues that "[t]hese developments materially distinguish the present record from the one previously before the Court," as "Petitioner's inability to complete the examination has prevented him from filing the adjustment application that this Court expressly identified as relevant to the foreseeability of his removal." (*Id.* ¶ 4.)

The Court ordered the Parties to meet and confer and file a Joint Status Report "outlining any procedures relevant to a detainee receiving such a medical examination and/or any progress made toward coordinating the logistics of transporting Petitioner to his medical examination." (Doc. 11 at 2.) The Court indicated that it would "evaluate whether to set a briefing schedule on the Amended Petition after reviewing the Joint Status Report." (*Id.*) The Parties timely filed their Joint Status Report, indicating that "Petitioner was transported to and attended his medical examination appointment on July 27, 2026," and that "Petitioner will file his Form I-485, Form I-601, and Form I-212 upon receipt of the results of the medical examination." (Doc. 12 at 2.) The Court appreciates the Parties' cooperation and updates.

However, the Court does not find that these developments merit a reconsideration of the Court's previous Order or a new briefing schedule. The Court denied the original petition:

> In granting relief under *Zadvydas*, the Ninth Circuit has often "relied on the likely *impossibility* of removal," not mere improbability or uncertainty. *Prieto Romero v. Clark*, 534 F.3d 1053, 1063–64 (9th Cir. 2008) (emphasis added). . . .
>
> Petitioner, like Prieto Romero, "foreseeably remains *capable* of being removed—even if it has not yet finally been determined that he *should* be removed," and "[t]here is nothing, such as a lack of a repatriation agreement with his home country or a finding that he merits mandatory relief from removal, that would prevent [Petitioner's] removal to Mexico . . . .

(Doc. 8 at 4–5.)

Even now that Petitioner has attended his medical examination and has ostensibly filed his Forms I-485, I-601, and I-212, the mere filing of those applications does not support a finding that his removal is not significantly likely in the reasonably foreseeable

future. *See also Lagunas v. Facility Adm'r, Adelanto ICE Processing Ctr.*, Case No. 5:26-cv-00507-MCS-KES, 2026 WL 2041445, at *2–3 (C.D. Cal. July 14, 2026).

Accordingly, the Amended Petition (Doc. 10) is **DENIED**. Denial is **without prejudice** to Petitioner filing a Second Amended Petition should circumstances change after the Ninth Circuit's ruling on his pending Petition for Review or the processing of Petitioner's Forms I-485, I-601, and I-212. If Petitioner files an amended Petition consistent with the terms of this Order, the amended Petition shall be filed in this case; it **SHALL NOT** be filed as a new habeas petition.

**IT IS SO ORDERED.**

DATE: August 6, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE